Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210525-161951
DATE: July 14, 2021

REMANDED

Entitlement to service connection for chronic upper respiratory condition is remanded.

Entitlement to service connection for a low back condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1961 to May 1964. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2021 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). In a May 2021 VA Form 10182, the Veteran selected Direct Review.

1. Entitlement to service connection for chronic upper respiratory condition is remanded.

2. Entitlement to service connection for a low back condition is remanded.

The Veteran asserts that he has a chronic respiratory condition and a low back condition that are each related to service. In regard to his claim for service connection for a chronic respiratory condition, the RO found both that he had a diagnosed disability and that he had a qualifying in service injury, as his service treatment records showed treatment for cough, cold, laryngitis, and an upper respiratory infection. See May 2021 Rating Decision. The Board finds that there is sufficient evidence to demonstrate that the Veteran has a current respiratory disability that may be related to his active service. As such, this evidence triggers VA's duty to provide the Veteran with a VA examination. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). The threshold for determining whether the evidence "indicates" that there "may" be a nexus between a current disability and an in-service event, injury, or disease is a low one. McLendon, 20 Vet. App. at 83. The RO's failure to provide the Veteran a VA examination constitutes a pre-decisional duty to assist error, and the Veteran's claim must be remanded so that he can be afforded the appropriate VA examination prior to adjudication. 38 C.F.R. § 20.802(a).

In regard to his claim for service connection for a low back disorder, a review of the Veteran's VA treatments suggests that potentially relevant medical records have not been obtained. For example, a September 27, 2012 VA treatment records refers to MRIs of the lumbar spine (attached to this note) from Cumberland Neurosurgery, in Cookeville, Tennessee, and Livingston Hospital in Livingston, Tennessee. A March 13, 2103 suggests that some of the Veteran's private treatment records may have been "sent to scanner." On May 15, 2013, the Veteran reported that in the 1970s a tractor toppled over and fell on him, and that he was in the "VA Nashville Hospital" with a body cast. It was noted that he was being seen by an outside civilian provider, but wanted to establish care within the VA system. An August 26, 2016 VA Primary Care Note indicates that the Veteran was receiving treatment for his back from Dr. Mason in Byrdstown, Tennessee, and from Dr. Joseph Jestus (neurosurgery) in Cookeville, Tennessee. On May 18, 2017, the Veteran reported that he was started on opiates by his civilian provider several years ago after twisting his back while fishing. The RO's failure to obtain these potentially relevant records constitutes a pre-decisional duty to assist error, and the Veteran's claim must be remanded so that attempt can be made to obtain his . 38 C.F.R. § 20.802(a).

The matters are REMANDED for the following action:

1. Make arrangements to obtain the Veteran's complete VA treatment records dated prior to September 2012, to specifically include from the Nashville VA Healthcare System dated in the 1970s. If these records are not available, a negative reply is required.

2. Ensure that all private medical records that have been scanned into the Veteran's VA Healthcare records are made available and accessible for review. For example, a September 27, 2012 VA treatment record refers to MRIs of the lumbar spine (attached to this note) from Cumberland Neurosurgery, in Cookeville, Tennessee, and Livingston Hospital in Livingston, Tennessee; and a March 13, 2103 VA treatment record suggests that some of the Veteran's private treatment records may have been "sent to scanner." 

3. Make arrangements to obtain the Veteran's complete treatment records from the following: Dr. Mason in Byrdstown, Tennessee; Dr. Joseph Jestus (neurosurgery) in Cookeville, Tennessee; Cumberland Neurosurgery in Cookeville, Tennessee; Livingston Hospital in Livingston, Tennessee; and the civilian provider that prescribed him opiates after he twisted his back while fishing.

4. Schedule the Veteran for an examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) by an appropriate clinician to determine the nature and etiology of any chronic upper respiratory condition. The entire claims file and a copy of this REMAND must be made available to the examiner in conjunction with the examination. The examiner must note in the examination report that the evidence in the claims file has been reviewed. 

The examiner must opine whether it is at least as likely as not that any current upper respiratory condition had is onset during service or is related to any incident of service, to include the Veteran's in-service treatment for cough, cold, laryngitis, and upper respiratory infections. 

 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Mohammad

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.